## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **RICKY FOREMAN, AMY NICOLE STEWART, and ERIC FOREMAN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE PROCTER & GAMBLE COMPANY,**<br><br>**Defendant.** | **CIVIL ACTION NO. _____**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant The Procter & Gamble Company ("P&G") hereby removes the above-captioned action from the 14th Judicial District Court for the Parish of Calcasieu, Louisiana (where this action bore the case number Case No. 2022-005436, Division "H") to the United States District Court for the Western District of Louisiana, Lake Charles Division.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d) and 1441.

In further support of this Notice of Removal, P&G states as follows:

### PROCEDURAL HISTORY

1.      On November 3, 2022, Plaintiffs Ricky Foreman, Amy Nicole Stewart, and Eric Foreman filed the removed case, *Foreman et al. v. The Procter & Gamble Company*, Case No. 2022-005436, Division "H," in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, which is within the jurisdiction and venue of the United States District Court for the Western District of Louisiana, Lake Charles Division.  A true and correct copy of the Complaint

is attached as **Exhibit 1**.  Attached as **Exhibit 2** is a true and correct copy of the Summons that issued.

2.      On January 4, 2023, Plaintiffs filed their First Supplemental and Amended Petition for Damages.  Plaintiffs' Amended Complaint is attached as **Exhibit 3**.

3.      Attached as **Exhibit 4** is a true and correct copy of the complete record in this action in the 14th Judicial District Court for the Parish of Calcasieu.

4.      Exhibits 1–4 constitute all the process, pleadings, and orders that are available from the public state court record in connection with Case No. 2022-005436, in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, as of the date of this removal notice.

### NATURE OF THE REMOVED ACTION

5.      Plaintiffs Ricky Foreman and Amy Nicole Stewart allege they are domiciled in Calcasieu Parish, Louisiana.[1]  Am. Compl. at 1.

6.      Plaintiff Eric Foreman alleges he is domiciled in Plaquemines Parish, Louisiana. *Id.*

7.      Decedent Arlene Foreman was domiciled at all relevant times in Calcasieu Parish, Louisiana.  *Id.*  Plaintiffs allege that Arlene Foreman was diagnosed with multiple myeloma, a blood cancer, on February 2, 2021.  *Id.* at 1 ¶ 2.  Arlene Foreman died from multiple myeloma on February 13, 2022.  *Id.* ¶ 3.

---

[1] The second paragraph of Plaintiffs' Amended Complaint refers to "Amy Foreman Stewart."  Am. Compl. at 1.  But the caption and the rest of Plaintiffs' Amended Complaint refers to "Amy Nicole Stewart."  *See id.* at 1, 4–8 ¶¶ 27, 29, 31, 33, 39, 42.  P&G will refer to this Plaintiff as "Amy Nicole Stewart" in this Notice of Removal.

8.      Ricky Foreman is the surviving spouse and heir of Arlene Foreman.  *Id.* at 4 ¶ 28. Amy Nicole Stewart and Eric Foreman are the surviving children and heirs of Arlene Foreman. *Id.* at 5 ¶ 29.

9.      Defendant P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  *Id.* at 1 ¶ 1.

10.     Plaintiffs allege that, prior to her diagnosis and death, Arlene Foreman regularly used two types of products manufactured by P&G: "Secret Powder Fresh 24 HR Aerosol" antiperspirant spray, and "certain Pantene dry shampoos."  *Id.* at 2 ¶¶ 4–7.  Plaintiffs allege that the products Arlene Foreman used contained benzene, which Plaintiffs describe as "a known human carcinogen which causes cancer in humans."  *Id.* at 2–4 ¶¶ 10–22.  According to Plaintiffs, Arlene Foreman contracted multiple myeloma as a result of her exposure to benzene contained in the P&G products she used.  *Id.* at 4 ¶¶ 24–25.

11.     Plaintiffs bring product liability claims against P&G under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq.*  *Id.* at 7–8 ¶ 40.  In particular, Plaintiffs allege that the P&G products used by Arlene Foreman "were unreasonably dangerous in: construction and design; construction or composition; the products failed to provide an adequate warning and the products did not conform to any express or implied warranty of the manufacturer."  *Id.* at 8 ¶ 40(a).

12.     Plaintiffs, as Arlene Foreman's surviving spouse and children, request damages as a result of the wrongful death of Arlene Foreman, including for Plaintiffs' past and future emotional pain and suffering, expenses sustained as a result of Arlene Foreman's death, and the loss of consortium resulting from Arlene Foreman's death.  *Id.* at 5–6 ¶¶ 30–33. Ricky Foreman, Arlene Foreman's surviving spouse, also seeks damages for past medical expenses.  *Id.* at 5

¶ 30(c).  Plaintiffs additionally assert a claim for Arlene Foreman's damages, including mental anguish, physical pain and suffering, loss of enjoyment of life, and past medical expenses.  *Id.* at 6 ¶ 34.  And Plaintiffs request expert fees and expenses, legal interest, costs, and all other "such equitable relief to which plaintiff may be entitled."  *Id.* at 8 ¶ 42.

## VENUE

13.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing Calcasieu Parish, Louisiana, the location where the state court case was pending.

## REMOVAL IS TIMELY

14.     Plaintiffs served their initial petition on P&G on December 19, 2022.  *See* Ex. 2 at 1.

15.     Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed on January 18, 2022, which is within 30 days of service of the Petition.

## BASIS FOR REMOVAL

16.     Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a), 1441.

17.     First, there is complete diversity of citizenship.  All Plaintiffs are citizens of Louisiana.  *See* Am. Compl. at 1 (alleging that Plaintiffs are domiciled in Louisiana); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.").  P&G is a citizen of Ohio.  *See* Am. Compl. at 1 ¶ 1 (alleging that P&G is an Ohio corporation that is headquartered in Ohio); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  Because Plaintiffs

are Louisiana citizens and P&G is an Ohio citizen, the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

18.   Second, the amount in controversy exceeds $75,000.

19.   To satisfy the amount-in-controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

20.   Here, although Plaintiffs do not specify the amount of damages they seek, Plaintiffs' requested damages clearly exceed $75,000.  Plaintiffs—the surviving spouse and two children of the decedent—assert wrongful death and survival action claims alleging P&G's product caused Ms. Foreman's multiple myeloma and ensuing death. Compl. at 4–6 ¶¶ 26–33. Such claims alone should satisfy the amount-in-controversy requirement. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) ("It is facially apparent that each plaintiff's wrongful death claim satisfies the amount in controversy requirement."); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that, based on the face of the complaint, the plaintiffs' claims for wrongful death exceeded the amount in controversy threshold); *Crews v. FAE, LLC*, 2019 WL 2413509, at *2 (W.D. La. Mar. 19, 2019) ("[B]ecause this is a wrongful death lawsuit, this Court finds that it is facially apparent from the allegations set forth in the plaintiff's petition that the amount in controversy exceeds the statutory jurisdictional threshold of $75,000.").

21.   Plaintiffs further request damages for, among other things, their past and future emotional pain and suffering, Plaintiffs' costs arising from Arlene Foreman's death, and the loss

of consortium resulting from Arlene Foreman's death.  Am. Compl. at 5–6 ¶¶ 30–33.  Plaintiffs also seek recovery for Arlene Foreman's medical expenses and physical and mental damages stemming from her multiple myeloma diagnosis and death.  *Id.* at 6 ¶ 34.  Plaintiffs request that the expert fees they anticipate incurring be paid by P&G as well.  *Id.* at 8 ¶ 42.  It is facially apparent that the claims in this case exceed the $75,000 amount-in-controversy requirement for diversity jurisdiction.  *See, e.g.*, *Brown v. James Constr. Grp. L.L.C.*, 2019 WL 6652097, at *2 (W.D. La. Nov. 20, 2019), *report and recommendation adopted*, 2019 WL 6652400 (W.D. La. Dec. 5, 2019) (finding that it was "manifest" that the amount in controversy for plaintiff's wrongful death and survival claims exceeded $75,000); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding "that it is more likely than not" that plaintiffs sought recovery of more than $75,000 for their claims alleging, among other things, that one plaintiff's spouse wrongfully died and another plaintiff developed prostate cancer as a result of defendant's conduct).

22.     Furthermore, nowhere in the Petition for Damages do Plaintiffs allege that the amount of damages sought is less than the requisite jurisdictional amount, as required by Louisiana Code of Civil Procedure Article 893(A)(1).  The absence of such an allegation in the Petition for Damages is further indicative of a sufficient amount in controversy.  *See Mach. Paver Sales, Inc. v. Bomag Americas, Inc.*, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007) ("Furthermore, the plaintiff did not include any allegation in its petition, as required by Louisiana Code of Civil Procedure article 893(A)(1), that its damages were less than the requisite amount to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.").

23.     Therefore, based on the allegations of the Petition for Damages, legal precedent, and Plaintiffs' failure to plead that their damages are less than the amount required for federal

jurisdiction, P&G has demonstrated that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

## NOTICE TO ADVERSE PARTY AND STATE COURT

24.     Pursuant to 28 U.S.C. § 1446(d), P&G will serve written notice of removal of this case on Plaintiffs' counsel by first-class mail and email:

David Geerken (#31735)
**DUDLEY DEBOSIER, PLC**
622 Baronne Street
New Orleans, Louisiana 70113
504-605-3806
dgeerken@dudleydebosier.com

25.     Pursuant to 28 U.S.C. § 1446(d), P&G will promptly file a notice of this removal filing with the Clerk of the 14th Judicial District Court for the Parish of Calcasieu, Louisiana.

26.     P&G will promptly file with this Court proof of having filed this Notice of Removal with the clerk of the state court and having served it on all adverse parties.

## CONCLUSION

27.     The recitation of Plaintiffs' allegations in this Notice is not a concession that Plaintiffs' allegations or legal theories have merit.  P&G reserves the right to assert all applicable defenses in this matter and denies that Plaintiffs are entitled to any relief.  By removing this matter, P&G does not waive and reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses.  P&G does not concede that Plaintiffs are entitled to any recovery whatsoever.

28.     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, P&G hereby removes the above-captioned action from the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, to the Western District of Louisiana, Lake Charles Division.

Dated: January 18, 2023                    Respectfully Submitted,

*/s/ Brent A. Talbot*
Brent A. Talbot (#19174)
John F. Olinde (#1515)
Peter J. Rotolo, III (#21848)
Amy L. McIntire (#35241)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
talbot@chaffe.com
olinde@chaffe.com
rotolo@chaffe.com
mcintire@chaffe.com

-and-

Michael D. Carleton (#01289)
**CHAFFE McCALL, L.L.P.**
One Lakeshore Drive
Suite 1750
Lake Charles, Louisiana 70629
Telephone: (337) 419-1825
Facsimile: (337) 602-6462
carleton@chaffe.com

-and-

Andrew Soukup (*pro hac vice* application
forthcoming)
Emily Ullman (*pro hac vice* application
forthcoming)
**COVINGTON & BURLING LLP**
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
asoukup@cov.com
eullman@cov.com

*Counsel for Defendant The Procter & Gamble
Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2023, the foregoing Notice of Removal was served by email and mailed via U.S. Mail on the following:

David Geerken (#31735)
**DUDLEY DEBOSIER, PLC**
622 Baronne Street
New Orleans, Louisiana 70113
504-605-3806
dgeerken@dudleydebosier.com

*Attorney for Plaintiffs*


*/s/ Brent A. Talbot*

*Counsel for Defendant The Procter & Gamble Company*