# Exhibit 1

**14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU**

**STATE OF LOUISIANA**

**DOCKET NO.** 2022-005436 **DIVISION " "**

**RICKY FOREMAN, AMY NICOLE STEWART, AND ERIC FOREMAN**

**VERSUS**

**THE PROCTER & GAMBLE COMPANY**

**FILED:** NOV 0 3 2022 ________________ **DEPUTY CLERK**

**PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Ricky Foreman, Amy Nicole Stewart, and Eric Foreman, representing the following survival actions and wrongful death actions for the untimely loss of their wife and mother, respectively, Arlene Foreman, due to the actions of Defendant, The Procter & Gamble Company.

At all times herein, Ricky Foreman and Arlene Foreman are/were persons of the full age of majority domiciled in Calcasieu Parish, State of Louisiana. Amy Foreman Stewart is a person of the full age of majority domiciled in Calcasieu Parish, State of Louisiana. Eric Foreman is a person of the full age of majority domiciled in Plaquemines Parish, State of Louisiana.

**1.**

Made Defendant is:

1. **THE PROCTER & GAMBLE COMPANY (hereinafter referred to as P&G),** is an Ohio corporation with its headquarters at 1 P&G Plaza, Cincinnati Ohio 45202. Defendant P&G manufactures and distributes its products, including multiple recalled hair sprays and anti-perspirant products, throughout Louisiana. P&G does, and regularly has, conducted business in every Parish in the State of Louisiana, including Calcasieu Parish.

**2.**

On February 2, 2021, Arlene Foreman was diagnosed with a rare form of blood cancer called multiple myeloma.

**3.**

Arlene Foreman died from multiple myeloma on February 13, 2022.

**4.**

For many years prior to Arlene Foreman's diagnosis and death, Arlene Foreman was a regular user of products produced, manufactured and sold nationwide by Defendant, P&G,



CALCASIEU CLERK-COST
NOV 07 2022 PM01:18:19

including, but not limited to, P&G's signature antiperspirant, "Secret Powder Fresh 24 HR Aerosol" spray and certain Pantene dry shampoos.

**5.**

As part of Arlene Foreman's regular use of these products, she would apply the aforementioned aerosol antiperspirant and dry shampoos multiple times per day, each and every day.

**6.**

Arlene Foreman regularly used the sprays in small, enclosed, non-ventilated spaces, causing Arlene Foreman to regularly inhale large quantities of these aerosol products.

**7.**

Additionally, the antiperspirant spray would be administered to Arlene Foreman's underarms immediately subsequent to her use of razor blades to her underarm and armpit areas.

**8.**

The aforementioned sprays were distributed, marketed and sold to Arlene Foreman in Calcasieu Parish, Louisiana.

**9.**

The aforementioned sprays were bought and used by Arlene Foreman in Calcasieu Parish, Louisiana.

**10.**

On November 4, 2021, an independent testing lab (Valisure, LLC) announced the detection of high levels of benzene, a know human carcinogen, in several brands and batches of antiperspirant body sprays and dry shampoo sprays produced, manufactured and sold by P&G, including those specific sprays used by Plaintiff, Arlene Foreman.

**11.**

Benzene is not a listed ingredient in any of the products produced, manufactured and sold nationwide by P&G and listed in the Valisure FDA Citizen's Petition.

**12.**

None of the products listed by Valisure, including the aerosol antiperspirant regularly used by Arlene Foreman for many years and/or the Pantene dry shampoo sprays, include(d) any warning or other labels notifying users of these products that the products contained benzene, and/or warned of the health effects and/or dangers posed by exposure to benzene.

**13.**

Benzene is a known human carcinogen which causes cancer in humans.

**14.**

Benzene is classified as a "Class 1" solvent that should be avoided by humans.

**15.**

There is no amount of acceptable benzene in aerosol sprays, such as the products listed herein and in the Valisure Citizens Complaint.

**16.**

The development of multiple myeloma as a result of benzene exposure has been well documented, and death resulting from multiple myeloma has been associated with benzene exposure.

**17.**

Following the Valisure Citizen's Complaint, P&G voluntarily recalled certain sprays, including those used by Arlene Foreman, in two separate instances in late November of 2021 and December of 2021.

**18.**

Arlene Foreman contracted multiple myeloma secondary to her consistent exposure to unusually high levels of benzene contained in the products produced, manufactured and sold to her by defendant, P&G.

**19.**

Arlene Foreman unknowingly was exposed to large quantities of benzene over a significantly long time period through inhalation of the benzene laced products, benzene entering her blood stream through small cuts and nicks in her skin following shaving, and through her eyes and mouth.

**20.**

At the time of her diagnosis and death, Arlene Foreman was legally married to her husband, Ricky Foreman.

**21.**

At the time of her death, Arlene Foreman had two adult biological children, Amy Nicole Stewart and Eric Foreman.

22.

Ricky Foreman is the surviving spouse and an heir of Arlene Foreman.

23.

Amy Nicole Stewart and Eric Foreman are the surviving children and heirs of Arlene Foreman.

24.

Pursuant to LA. C.C. art. 2315.2(A)(1), Ricky Foreman, as the surviving spouse and heir of the deceased, Arlene Foreman, is entitled to, and does hereby assert a claim for the damages he has sustained as a result of the wrongful death of Arlene Foreman, which include, but are not limited to:

a. Past emotional pain and suffering from the death and loss of his wife;
b. Future emotional pain and suffering form the death and loss of his wife;
c. Past medical expenses;
d. Expenses sustained as a result of the untimely death of his wife; and
e. The loss of love, affection, companionship and society from his deceased wife.

25.

Pursuant to LA. C.C. art. 2315.2(A)(1), Amy Nicole Stewart, as one of the surviving children and heir of the deceased, Arlene Foreman, is entitled to, and does hereby assert a claim for the damages she has sustained as a result of the wrongful death of Arlene Foreman, which include, but are not limited to:

a) Past emotional pain and suffering from the death and loss of her mother;
b) Future emotional pain and suffering form the death and loss of her mother;
c) Expenses sustained as a result of the untimely death of her mother; and
d) The loss of love, affection, companionship and society from her deceased mother.

26.

Pursuant to LA. C.C. art. 2315.2(A)(1), Eric Foreman, as one of the surviving children and heir of the deceased, Arlene Foreman, is entitled to, and does hereby assert a claim for the damages he has sustained as a result of the wrongful death of Arlene Foreman, which include, but are not limited to:

a) Past emotional pain and suffering from the death and loss of his mother;
b) Future emotional pain and suffering form the death and loss of his mother;

c) Expenses sustained as a result of the untimely death of his mother; and

d) The loss of love, affection, companionship and society from his deceased mother.

**27.**

Ricky Foreman, Amy Nicole Stewart and Eric Foreman are the proper parties to bring the survival action pursuant to La. C.C. art. 2315.1(A)(1).

**28.**

Arlene Foreman suffered the following severe physical and emotional injuries as a direct result of Defendant, P&G's, actions:

a. Mental anguish, including, including but not limited to, fear, anxiety, worry, stress and depression;

b. Physical Pain and suffering;

c. Loss of enjoyment of life;

d. Past medical expenses;

e. Any and all other damages not specifically listed herein.

**29.**

The defendant, P&G, knew or reasonably should have known that the products manufactured, produced, marketed and sold to Arlene Foreman contained the known human carcinogen, benzene.

**30.**

The Defendant, P&G, should have ensured the products it produced, manufactured, marketed, and sold in Louisiana, and specifically to Arlene Foreman, were free of known human carcinogens, including benzene.

**31.**

Additionally, the Defendant, P&G, should have ensured the products it produced, manufactured, marketed, and sold in Louisiana, included warning labels notifying consumers of these products that the products contained the known human carcinogen, benzene.

**32.**

At the time these products were produced, manufactured, marketed, and sold in Louisiana, and specifically to Arlene Foreman, P&G was aware, and/or should reasonably have been aware of the relationship between exposure to benzene and cancer-related illnesses, including multiple myeloma.

33.

Therefore, P&G breached its duties, which were owed to Arlene Foreman, Ricky Foreman, Amy Nicole Stewart and Eric Stewart, in the following ways:

a. Failure to design the products to contain available and suitable components other than benzene;

b. To sell benzene-free products;

c. To select materials other than benzene for inclusion into their products;

d. To fully test their respective products for health risks associated with the normal and intended use of their products;

e. To fully inspect and test their respective products for health risks and the presence of carcinogens and/or other chemicals which may be present in their products prior to marketing and sale of said products;

f. To properly identify the chemicals included in their product and warn its consumers of its products of the hazards associated with the products' use;

g. To refrain from negligently misrepresenting the ingredients of the products it manufactured and sold;

h. To refrain from negligently misrepresenting the safety and health risks of the products it sold;

i. To properly inquire about or investigate the safety and health risks of the products it sold;

j. To research, study and be aware of the medical and scientific studies concerning the health risks of benzene;

k. To warn the consumers of its products of the presence of benzene in said products;

l. To warn consumers of its products of the dangers associated to exposure to chemicals contained within its products; and

m. Any and all other acts which may be revealed at the trial of this matter.

34.

Under the Louisiana Products Liability Act (the "LPLA"), P&G, as the manufacturer of the products sold to and used by Arlene Foreman, is responsible for all injuries and damages associated with the sale of the benzene laced products to Arlene Foreman for the following reasons:

a. The products sold to Arlene Foreman were unreasonably dangerous in: construction and design; construction or composition; the products failed to provide an adequate warning and the products did not conform to any express or implied warranty of the manufacturer.

b. The inclusion of benzene in the aforementioned products existed at the time the products left control of P&G.

**35.**

P&G sold their products with conscious disregard for the safety of users of the products and other persons who might be injured thereby.

**36.**

Plaintiff further anticipates that expert testimony may be required and pray that all expert fees and expenses incurred by her be taxed as costs.

**WHEREFORE,** Plaintiffs, **Ricky Foreman, Amy Nicole Stewart and Eric Foreman,** pray that defendant be served with this Petition, and after being duly cited to appear and answer same and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs, **Ricky Foreman, Amy Nicole Stewart and Eric Foreman** and against Defendant, **The Procter & Gamble Company**, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and such equitable relief to which plaintiff may be entitled.

Respectfully submitted,

**DUDLEY DEBOSIER, PLC**

**DAVID GEERKEN, Bar Roll No. 31735**
622 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 605-3806
Facsimile: (225) 239-7265
*Attorneys for Plaintiffs*

A TRUE COPY
Lake Charles, Louisiana
Deputy Clerk of Court
Calcasieu Parish Louisiana

**PLEASE SERVE THE FOLLOWING:**

**THE PROCTER & GAMBLE COMPANY**
Through Louisiana Long Arm Service
Through its agent for Service of Process:
CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, Ohio 43219