UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RICKY FOREMAN, ET AL. | : | DOCKET NO. 2:23-cv-00076 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| PROCTER & GAMBLE CO. | : | MAGISTRATE JUDGE KAY |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a Motion to Remand filed by plaintiffs Ricky Foreman, Amy Nicole Stewart, and Eric Foreman. Doc. 17. The motion is opposed by defendant The Procter & Gamble Company. Doc. 21. The time for reply has passed, making this motion ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED.**

## I.
### BACKGROUND

This case arises from the death of Arlene Foreman, wife of plaintiff Ricky Foreman and mother of plaintiffs Amy Nicole Stewart and Eric Foreman. Doc. 1, att. 1, p. 2. Plaintiffs allege Arlene Foreman died from multiple myeloma, a rare form of blood cancer, which they claim resulted from her use of products made by defendant. *Id.* at ¶ 18. Defendant removed this lawsuit from the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1.

Plaintiffs then filed this Motion to Remand. Doc. 17.  Specifically, they contend that defendant's removal was untimely, in violation of 28 U.S.C. § 1446.  Defendant disagrees and also asserts that the instant motion should be denied because its filing was untimely. Doc. 21.  Plaintiffs did not file a reply brief.

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a).  A motion to remand based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Once the thirty-day period expires, the objection to removal based on a procedural defect is waived. *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995).  The purpose of the thirty-day requirement is to ensure the district court timely considers procedural defects, thereby minimizing the burdens on all parties and the courts involved. *F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992).  Therefore, section 1447(c) does not empower the district court "to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal." *Id.* at 323.

Defendant filed the Notice of Removal on January 18, 2023. Doc. 1.  Under section 1447(c), plaintiffs had until February 17, 2023, the thirtieth day after the Notice of Removal's filing, to file a motion to remand based on untimeliness. 28 U.S.C. § 1447(c). *See* Fed. R. Civ. P. 6 (computation of time periods).  Plaintiffs filed the Motion to Remand on February 18, 2023, which was after the deadline. Doc. 17.  Thus, plaintiffs' motion was untimely and should be denied.

Plaintiffs alternatively argue that this court "may, in its discretion, remand the case to state court" because plaintiffs asserted numerous state law claims against defendant in the state court

petition, over which we need not exercise supplemental jurisdiction. Doc. 17, att. 1, p. 5.  We, however, agree with defendant that "P&G is not seeking supplemental jurisdiction over state-law claims joined to federal-law claims" but "is instead availing itself of the Court's original diversity jurisdiction under Sections 1332(a) and 1441(b), under which the Court has no discretion to remand the case." Doc. 21, p. 8

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  For diversity purposes, plaintiffs are Louisiana citizens [doc. 1, att. 1, p. 2], and defendant is an Ohio citizen [doc. 1, p. 3, ¶ 9]. Thus, the parties are completely diverse.  Currently, there is no dispute that the amount in controversy requirement is satisfied.  Thus, as a preliminary matter, we find that this court has diversity jurisdiction over this case.  "When a district court has original subject-matter jurisdiction over a claim, it has no authority to remand the case to state court." *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x. 738, 740 (5th Cir. 2016) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011)). Accordingly, we do not have the discretionary authority to remand this case.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 17] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of August, 2023.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE